IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WHOLE LIVING, INC., a Nevada Corp. dba THE BRAIN GARDEN,<br><br>    Plaintiff,<br><br>vs.<br><br>DON TOLMAN, MARK BOWEN, THINK AGAIN, INC., a Tennessee corporation, dba GREAT AMERICAN, THE WHOLEFOOD FARMACY, Thayer C. Lindauer, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS AGAINST ATTORNEYS AND DENYING MOTION TO STRIKE<br><br><br><br>Case No. 2:03-CV-272 TS |

This matter is before the Court on Defendants' Motion for Sanctions Against Attorneys Daniel W. Jackson and Margaret H. Olson and Defendants' Motion to Strike Portions of Plaintiff's Motion for an Order to Show Cause Against Defendants Don Tolman and Great American.

1

Defendants contend that one sentence in Plaintiff's August 18, 2004 Motion for an Order to Show Cause,[1] violates Fed. R. Civ. P. 11.  They also seek to strike the sentence. The disputed sentence is:

> Similarly, the legal arguments advanced [at the May 24, 2004 contempt hearing] by [Defendant Don] Tolman's counsel [Lindauer] that the client had not solicited investors for Great American[2] and had ceased serving as that company's President were false and intended to mislead the Court.

August 18, 2004 Motion for an Order to Show Cause at 5-6 (filed under seal).

About two weeks before filing the Motion for Order to Show Cause containing the disputed statement, Plaintiffs filed a Third Amended Complaint that named Lindauer as a defendant in their cause of action for civil conspiracy.[3]

Defendants contend that the sentence is a charge of serious misconduct by Defendants' then-counsel and now-defendant Lindauer because the sentence charges that Lindauer's argument was knowingly false when made during the contempt hearing.  They contend that this sentence is submitted without an evidentiary basis.  Finally, they contend that it is presented for the improper purposes of harassing Lindauer or disabling him from representing Defendants, and prejudicing the court against him.  Defendants seek sanctions against Plaintiff's attorneys, Jackson and Olsen, who filed the Motion for an Order to Show Cause.

---

[1] (Docket No. 149).

[2] Great American is the dba of former Defendant Think Again, Inc.

[3] (Docket No. 148).

Plaintiffs contend that Lindauer's failure to do any investigation of the facts prior to the arguments he made at the contempt hearing was reckless to the point of constructive fraud and failed to meet Lindauer's own responsibility under Rule 11.

Rule 11 requires, among other things, that an attorney certify that any paper he or she submits to the court is not presented for any improper purpose and that the paper submitted makes factual allegations that have or are likely to have evidentiary support.[4]

Having considered the disputed sentence in the context of the entire Motion for an Order to Show Cause, the underlying contempt hearing, and the parties' respective positions in this case, the Court finds that the statement does not violate Rule 11.  Reading the statement in the context of this long and acrimonious case, and based on its familiarity with the proceedings, the Court understands it to be an argument that Tolman used his attorney Lindauer to commit fraud on the Court, not that Lindauer himself made a knowingly false statement to the Court.  Such argument is in accordance with Plaintiff's general theory of the case and has not been shown to have been made with an improper purpose.  But the Court will caution the parties that over-personalization of this case by counsel does not advance their client's interests.  It is therefore

ORDERED that Defendants' Motion for Sanctions Against Attorneys Daniel W. Jackson and Margaret H. Olson (Docket No. 163) is DENIED.  It is further

---

[4] Fed. R. Civ. P. 11(B)(1) and (3).

3

ORDERED that Defendants' Motion to Strike Portions of Plaintiff's Motion for an Order to Show Cause Against Defendants Don Tolman and Great American (Docket No. 156) is DENIED.

DATED  September 28, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge