IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WHOLE LIVING, INC., a Nevada Corp. dba THE BRAIN GARDEN,<br><br>　　Plaintiffs,<br><br><br><br>vs.<br><br><br><br>DON TOLMAN, MARK BOWEN, THINK AGAIN, INC., a Tennessee corporation, dba GREAT AMERICAN, THE WHOLEFOOD FARMACY, et al.,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO MODIFY PRELIMINARY INJUNCTION OF AUGUST 4, 2003<br><br><br><br><br><br>Case No. 2:03-CV-272 TS |

　　This matter is before the Court on Defendant Don Tolman's[1] Motion to Modify Preliminary Injunction of August 4, 2003.[2] Tolman moves to amend the portion of the Preliminary Injunction that enforces the non-competition agreement between Tolman and Plaintiffs. Tolman contends that the non-competition agreement should be enforced only

---

[1] Don Tolman and his wife Amber Tolman are both defendants. For convenience, the court will refer to Don Tolman herein as Tolman.

[2] August 4, 2003 Order Granting Plaintiff's Motion for a Preliminary Injunction and Preliminary Injunction (Preliminary Injunction) (Docket No. 35).

1

for the two-year term set forth in the parties' Second Consulting Agreement[3] rather than "until entry of Judgment" in this matter as set forth in the Injunction.[4]

The present Motion was filed on March 12, 2004, while its prior Motion to Quash the Injunction *Nunc Pro Tunc* was being briefed.[5]  However, before the Motions could be resolved, Plaintiff filed its Motion for an Order to Show Cause why Tolman and others should not be held in contempt for violations of the Preliminary Injunction.

These proceedings thus evolved into a complex series of motions that required an evidentiary hearing, briefing, resolution of the related motion to quash,[6] and contempt proceedings prior to resolution of the present Motion.  Subsequently, more maneuvering by Defendants, including the bankruptcy of former Defendant Think Again two months before the scheduled trial, and Tolman's disqualification motion,[7] further delayed these proceedings.

Since withdrawal of their counsel, all Defendants except Lindauer have failed to comply with the Local Rule requiring that parties either obtain new counsel or inform the

---

[3] *See* Preliminary Injunction at 3 (explaining provisions of Second Consulting Agreement).

[4] *Id*. at 10.

[5] See Docket No. 92.

[6] Because as noted, Defendants relied on their argument that the injunction should be quashed *nunc pro tunc* as a defense to the contempt proceeding.

[7] *See* Order on Defendant Don Tolman's Affidavit of Bias and Prejudice Pursuant to 28 U.S.C. § 144 (Docket No. 201) at 5-7.

Court of their intention to proceed *pro se*.[8]  As a result, it is difficult to set a new trial date, especially where Defendants did not appear at the last status conference.

As noted in the Contempt Order,[9] Defendants admitted their contempt but attempted to minimize or excuse it.  What was clear, as set forth in the Contempt Order, was that Tolman never abided by either the two-year covenant not to compete or the Preliminary Injunction enjoining him from competition prior to judgment in this case.[10]

> [T]he evidence is overwhelmingly clear and convincing that Defendants Mark Bowen, Don Tolman and Great American determined to violate the Injunction.  It is clear that they intended to do so from the beginning and, in fact, that they never meaningfully ceased using Plaintiff's sales and promotional aids, distributor lists or basing Great American's business on Don Tolman's competition with Plaintiff.[11]

The Contempt Order found that "Defendants Don Tolman, Mark Bowen, and Great American's violations of the Injunction were persistent, pervasive and willful," as well as "flagrant."[12]  The Contempt Order also found that Tolman's violations of the no compete provision of the Injunction was almost always accompanied by his violation of the Preliminary Injunction's other provisions that Defendants not use Plaintiff's products,

---

[8] See Docket No. 190 (noting Magistrate Judge Alba's specific instruction that Defendants inform court of new counsel).

[9] November 29, 2004, Memorandum Decision and Order Finding Defendants in Contempt for Violation of Court Order (Contempt Order) (Docket No. 174).

[10] *Id.* at 45 and 35 (noting that since the issuance of the Preliminary Injunction, Tolman "has ceaselessly continued his many efforts in competition with Plaintiff to the benefit of his new company" former Defendant Think Again).

[11] *Id.*

[12] *Id.*

promotional materials, and sales aids.[13]  Thus, based upon Tolman's prior contumacious acts, the Court finds that it is not likely that he would comply with the Injunction's other provisions if the Court were to grant the present Motion to modify the Injunction to allow him to compete.

The Court also finds that evidence at the contempt hearing totally undercuts Tolman's argument in the present Motion that the Preliminary Injunction must be modified because to continue his competition to be enjoined until the date of a new trial would result in a longer anti-compete period than the parties agreed–because he never, for any period, abided by the no competition clause.[14]  Similarly, the fact that the delay of trial in this case is entirely attributable to Defendants, especially Tolman, undercuts his position that it would be punitive to continue to enjoin competition until trial.

Based upon the entire record in this case, the Court finds that it would be inequitable to modify the Preliminary Injunction to end the no compete provision.  The Court has previously found that Plaintiffs would suffer irreparable harm if the actions were not enjoined.  Where Tolman wilfully violated that Preliminary Injunction from its inception, and has delayed the trial in this case, the Court will deny his Motion to Modify the Preliminary Injunction.

---

[13] *Id.* at 35.

[14] *Id*. at 35-36.

Because former Defendant Think Again is dismissed, this case will immediately proceed to trial. At trial, the parties' disputes will be resolved on the merits by the jury. It is therefore

ORDERED that Defendant Don Tolman's Motion to Modify Preliminary Injunction of August 4, 2003 (Docket No. 92) is DENIED.

DATED  September 28, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge